OPINION
On September 30, 1997, appellant, Richard A. Rone, pleaded guilty to one count of aggravated burglary and one count of rape in the Ashtabula County Court of Common Pleas. His plea arose from incidents that occurred on the evening of January 25, 1997, when appellant broke into a woman's empty house and, upon her return, tied her up, beat her, raped her, debated aloud whether he should kill her, and stole $140. On December 9, 1997, the trial court sentenced him to ten years imprisonment on each count, to run concurrently. On December 4, 1998, we reversed the judgment of the trial court and remanded the case for the trial court to re-sentence appellant in compliance with the statutory guidelines set forth in chapter 2929 of the Revised Code. Statev. Rone (Dec. 4, 1998), Ashtabula App. No. 98-A-0001, unreported. On February 11, 1999, the trial court imposed the same sentence as before and specified in detail why appellant had committed one of the worst forms of the offense and pointed to appellant's prior convictions as evidence that appellant was likely to commit future crimes. Appellant appeals from that sentence and assigns the following error:
 "Appellant received the maximum possible sentence for what he plead guilty to based upon conclusions that were made by [the trial court] that are not supported by sufficient evidence."
 In his sole assignment of error, appellant does not dispute that the trial court complied with the guidelines for felony sentencing, but asserts that there was insufficient evidence to support a conclusion that the criteria required for him to be sentenced to a maximum term were met. He argues that, although the trial court wrote that appellant's sentence was based on its conclusion that he had committed the worst form of the offense and possessed the greatest likelihood of committing further crimes, nobody testified about the facts of the case and his previous criminal record was not presented as evidence. Therefore, he argues, there was no evidence to support the trial court's conclusions.
In appellant's previous appeal, we noted that R.C.2929.14(C) provides, in pertinent part:
 "* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." Rone at 4; see also State v. Whittenberger
(Dec. 3, 1999), Portage App. No. 98-P-0047, unreported.
 We further pointed to R.C. 2929.12, which provides a non-exclusive list of factors the court is to consider in determining whether the offender committed one of the worst forms of the offense or whether the offender poses the greatest risk of recidivism. Id. at 5. To determine whether this was one of the worst forms of aggravated burglary and rape, the factors include whether the victim suffered serious physical, psychological, or economic harm. R.C. 2929.12(B)(2). Id. In the instant case, factors pertaining to whether appellant posed a risk of recidivism were whether he had a history of criminal convictions and whether he responded favorably to sanctions previously imposed for criminal convictions. R.C. 2929.12(D)(2) and (D)(3).
Appellant does not dispute that the trial court complied with our mandate in his original appeal and does not dispute that the trial court's sentence complies with the statutory guidelines. His argument addresses, instead, the sufficiency of the evidence supporting the factors cited by the trial court in its sentencing entry.
At the second sentencing hearing, counsel for appellant conceded that this was a very serious crime and that the victim suffered greatly. He asked that the court impose a sentence of eight or nine years, rather than the maximum ten years. The prosecution set forth the details of the crime and made reference to appellant's three prior convictions, for one of which he served time. Neither appellant nor his counsel disputed the prosecution's allegations or offered a different version of the events. Therefore, there was sufficient evidence before the trial court for it to conclude that appellant had committed the worst form of the offense, possessed a great likelihood of recidivism, and that a maximum sentence was necessary to protect the public and was commensurate with the seriousness of the crime. Appellant's assignment of error is without merit.
The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 __________________________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.